UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-00794-NAB |
| | ) |
| RIGHT AT HOME OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER
## ON MOTION TO APPOINT COUNSEL

Presently before the Court is Plaintiff's Motion to Appoint Counsel ("motion") for representation in this Title VII action. [Doc. 4]. Defendant did not respond to the motion. Having fully considered Plaintiff's motion and affidavit in support thereof, the Court denies the motion.

**Discussion**

On May 5, 2011, Plaintiff filed a complaint under Title VII of The Civil Rights Act of 1964 alleging employment discrimination and retaliation. Plaintiff also filed a motion to appoint counsel and an affidavit in support of the motion.

There is no automatic right to the appointment of counsel in a Title VII case. *Slaughter v. City of Maplewood,* 731 F.2d 587, 590 (8th Cir. 1984) (citation omitted). Section 706(f) of Title VII 42 U.S.C. § 2000E-5(f) provides that the court may appoint counsel "in such circumstances as the court may deem just." *Hale v. North Little Rock Housing Authority,* 720 F.2d 996, 997 (8th Cir. 1983). There are three factors generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial

resources; (2) the plaintiff's efforts to obtain counsel and (3) the merits of the discrimination claim. *Slaughter,* 731 F.2d at 590; *Hale,* F.2d at 998; s*ee also Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1308-10 (5th Cir. 1977); *Bradshaw v. Zoological Society of San Diego,* 662 F.2d 1301, 1318-19 (9th Cir. 1981).

In the present case Plaintiff does not appear to have adequate financial resources to hire counsel. He filed a financial affidavit showing no income or assets, and the Court granted his motion to proceed in forma pauperis. Regarding the second factor, the Court cannot determine what steps Plaintiff has taken to retain private counsel. Plaintiff's motion merely says that he has made diligent efforts to obtain legal counsel but because of his poverty, he has been unable to retain counsel. [Doc. 4]. As for the merits of the discrimination claim, the Court has reviewed Plaintiff's complaint and attachments as well as the Defendant's Answer to the Complaint. At this stage of the proceedings it is difficult to determine whether Plaintiff's claims have merit.

On the basis of the foregoing, the Court is not persuaded at this time that counsel should be appointed to represent Plaintiff in this proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice at this time. [1]

Dated this 17th day of October, 2011.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The denial of Plaintiff's request for counsel does not necessarily preclude any further consideration of his request. If Plaintiff chooses to file another motion for counsel, he should be prepared to offer something that would assist the Court in determining whether his claims have merit. The Court is also alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may justify appointing an attorney. *See Williams v. Carter,* 10 F.3d 563 (8th Cir. 1993).